**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

DEC 15 2016

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LORENZO CORTEZ-ORTEGA, AKA, Lorenzo Cortez, <br><br> Petitioner, <br><br> v. <br><br> LORETTA E. LYNCH, Attorney General, <br><br> Respondent. | No. 13-71217 <br><br> Agency No. A092-691-062 <br><br><br> **MEMORANDUM**[*] |

Appeal from an Order of the
Board of Immigration Appeals

Submitted December 13, 2016[**]
San Francisco, California

Before: O'SCANNLAIN, GOULD, and M. SMITH, Circuit Judges.

Petitioner Lorenzo Cortez-Ortega challenges the BIA's dismissal of

Petitioner's appeal of an Immigration Judge's denial of Petitioner's application for

deferral of removal under the Convention Against Torture ("CAT"). Petitioner

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

1

asserts that the IJ and the BIA (1) applied an incorrect legal standard to determine whether it was more likely than not that Petitioner would suffer torture with the Mexican government's consent or acquiescence, and (2) drew conclusions that were unsupported by substantial evidence. Because we agree with Petitioner's former argument, we do not reach the latter.

To establish entitlement to deferral of removal under CAT, a party must show that he will more likely than not be subjected to an "act by which severe pain or suffering, whether physical or mental, is intentionally inflicted…by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1). The acquiescence analysis requires consideration of whether the "[foreign] government is not just willing but also *able* to control [the perpetrator], at least insofar as it would affect [Petitioner]." *Madrigal v. Holder*, 716 F.3d 499, 509 (9th Cir. 2013) (emphasis added).

The IJ applied an incorrect legal standard when it held that the Mexican government's inability to prevent torture does not qualify as "acquiescence" under the meaning of CAT. *See id*. The BIA adopted the IJ's findings and conclusions in their entirety. The BIA's order did cite to the correct standard for CAT relief; nevertheless, the BIA's order failed to render the IJ's legal error harmless for the following reasons.

2

First, the BIA adopted the IJ's decision in its entirety, without acknowledging the legal error or providing any reasoning regarding why the decision was correct under the applicable legal framework. *See, e.g., Reyes-Reyes v. Ashcroft*, 384 F.3d 782, 788 (9th Cir. 2004) (remanding where the BIA adopted the IJ's opinion applying an erroneous legal standard and failed to provide alternative reasoning for affirming the IJ). Additionally, the BIA's order notes only the Mexican government's willingness to control corruption and violence, as opposed to its ability to do so—in other words, the BIA appears to have functionally applied the same erroneous standard as the IJ. Its consideration of the Mexican government's willingness to combat torture does not necessarily bear on that government's ability to do so; on the contrary, "inability" suggests failed efforts. *See Madrigal*, 716 F.3d at 506 (remanding for consideration of Petitioner's asylum request where the BIA considered "only the Mexican government's willingness to control Los Zetas, not its *ability* to do so" (emphasis in original)).

Accordingly, we remand for consideration of Petitioner's petition under the appropriate legal standard, and therefore do not address Petitioner's additional arguments.

GRANTED and REMANDED.

*Cortez-Ortega v. Lynch*, No. 13-71217

O'SCANNLAIN, Circuit Judge, dissenting:

Precedent "does not require that [this Court] convert judicial review of agency action into a ping-pong game." *NLRB v. Wyman-Gordon Co.*, 394 U.S. 759, 766 n.6 (1969). Remand in this case is not required because it "would be an idle and useless formality." *Id*. Petitioner's argument for relief turns on the existence of endemic corruption such that Mexican officials could not or would not protect him, but the record indicates no such corruption on the part of the police who have interacted with Petitioner's family (and affirmatively suggests that they acted in accordance with the law). The BIA's error is harmless because "nothing in the record could support a finding" that Petitioner qualifies for deferral of removal under CAT. *Khudaverdyan v. Holder*, 778 F.3d 1101, 1107 n.3 (9th Cir. 2015) (citing *Li Hua Yuan v. Att'y Gen. of U.S.*, 642 F.3d 420 (3d Cir. 2011) (holding that BIA error is harmless when it is highly probable that error did not affect case's outcome)).

I respectfully dissent.